# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CR-0121-CVE |
| ) | |
| MELODY LYNN LEE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Melody Lynn Lee's correspondence received on June 29, 2007, requesting modification of sentence based on various factors. The Court will consider defendant's correspondence as a Rule 35(b) motion (Dkt. # 19). The defendant requests modification of sentence to credit for time served and immediate release to a term of home confinement, presumably as a condition of supervised release.[1] She cites the need to care for her three young children, assist her parents and other family members suffering escalating health problems, and a good conduct record while imprisoned as reasons warranting modification of sentence.

Fed. R. Crim. P. 35 provides two separate bases for relief. Rule 35(a) permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 7 days of the sentencing. The Court lacks jurisdiction to grant defendant relief under Rule 35(a), because more than 7 days have passed since she was sentenced. United States v. Green, 405 F.3d 1180, 1185

---

[1] Defendant's letter states that she seeks a modification of her sentence under section 1B.1 of the sentencing guidelines "regarding compelling and unusual circumstances." Dkt. # 19, at 1. No such provision of the sentencing guidelines exists. Defendant may be referring to §1B1.1, but that section simply sets forth the procedures for applying the sentencing guidelines and does not provide a basis to reduce defendant's sentence.

(10th Cir. 2005). Rule 35(b) allows the government to move for a reduction in a defendant's sentence following a conviction if the defendant has provided "substantial assistance in investigating or prosecuting another person . . . " However, the Tenth Circuit has been clear that the government, not the defendant, must file a motion for relief under Rule 35(b). United States v. Perez, 955 F.2d 34, 35 (10th Cir. 1992). Nor is there any evidence that Rule 35(b) is applicable to this defendant.

A district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. See United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996); United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994) ("The authority to change a sentence must derive from some federal statutory authority."); see also United States v. Hardage, 58 F.3d 569, 574 (10th Cir. 1995) ("[W]ith the exception of certain powers which truly fit the rubric of 'inherent power,'. . . federal courts cannot act in the absence of statutory authority."). Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." 18 U.S.C. 3582(c). A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." Id. at § 3582(c)(1)(A), (c)(1)(B), (c)(2). None of the three avenues is present in the instant case. Defendant is not before the Court for resentencing and she cites no statute authorizing her request for a reduced sentence.

The Court could treat defendant's motion as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. United States v. Rourke, 984 F.2d 1063, 1066-67 (10th Cir. 1992). However, the Court would have to notify defendant of its intention to treat her motion as a § 2255 motion and defendant must be given a chance to withdraw her motion. United States v. Kelly, 235 F.3d 1238, 1242-43 (10th Cir. 2000). Under these circumstances, defendant did not clearly move for relief pursuant to § 2255 and, if the Court treated her motion as a § 2255 motion, she would be barred from bringing additional claims in a subsequent § 2255 motion. Therefore, the Court will construe defendant's letter as a Rule 35(b) motion, and deny it on that basis alone.

**IT IS THEREFORE ORDERED** that defendant's Rule 35(b) motion for reduction of sentence (Dkt. # 19) is **denied**.

**DATED** this 6th day of July, 2007.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT